[Cite as *Cuyahoga Cty. Treasurer v. Fariley*, 2026-Ohio-3025.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA
COUNTY,                                             :

                                                    :

       Plaintiff-Appellee,

                                                    :               Nos. 115855 and 116000

       v.

                                                    :

TERESA FARILEY, ET AL.,                             :

       Defendants-Appellants.                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 6, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-894942

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael H. O'Malley, Assistant Prosecuting
Attorney, *for appellee*.

William Woods, *pro se*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant-intervenor William Woods ("Woods") appeals from judgments the trial court entered in this tax foreclosure. After a thorough review of the facts and pertinent law, we affirm.

**Procedural and Factual History**

{¶ 2} This case dates back to 2018, when the plaintiff-appellee Treasurer of Cuyahoga County ("Treasurer") filed the within tax foreclosure complaint. The complaint identified defendant Teresa Fariley ("Fariley") as the owner of the subject property. A tax hearing before a magistrate of the court was held in October 2018; Fariley failed to appear. Later in October 2018, the magistrate filed her decision with findings of fact and conclusions of law, and in late December 2018, the trial court issued a foreclosure decree. The property was sold to an individual named Melvin Hilliard ("Hilliard"). However, after the sale, Hilliard filed a bankruptcy petition, the order of sale was returned without execution, and the case was stayed. In July 2021, the bankruptcy stay was lifted and Fariley entered into a payment plan with the Treasurer in an attempt to redeem the property.

{¶ 3} On August 6, 2025, the property was sold at a sheriff's sale for $96,000. The Real Estate Judicial Sale Purchaser Information Form identifies "William Woods" as the "Individual Purchaser" and that the property should be deeded to "4852 Trust."

{¶ 4} On August 27, 2025, an individual named Theresa Gedson ("Gedson") filed a motion to stop the sale. As ground for her motion, Gedson stated that she was awaiting a pension check, the funds from which she wanted to use to "save [her] home."

{¶ 5} On September 3, 2025, the trial court confirmed the sale of the property to 4852 Trust. However, on September 26, 2025, the trial court issued the following judgment:

> Since it was entered in error, the order of confirmation of 9-03-25 is vacated. Defendant Teresa Fariley's motion to stop sale of property is taken as a motion to stay confirmation of sale and is granted. The re-confirmation of the sale is stayed until 10-17-25 to permit defendant an opportunity to redeem the property. Failure to redeem the property by that date will result in re-confirmation of the sale.

{¶ 6} On October 22, 2025, the trial court issued a judgment stating, "Teresa Fariley did not redeem the property. The sheriff's sale will be reconfirmed by separate order." On October 24, 2025, a motion was filed by "Thresa Gedson" seeking an extension of time to pay the back taxes on the subject property. In her motion, "Thresa Gedson" stated in relevant part that

> [a] motion to stop the sale of [the subject property] was filed on Aug 27th 2025. I did not receive any notification that the motion was approved until Oct 17th 2025, that I had until Oct 17th to pay so I got the letter the day that I had to pay. I'm asking for another [extension] for . . . additional time to pay back taxes and redeem my property.

{¶ 7} On October 27, 2025, the trial court granted "defendant Teresa Fariley's motion for extension of time," and stayed reconfirmation of the sale until November 7, 2025, to give Fariley the opportunity to redeem the property. The court stated that failure to redeem the property by that date would result in reconfirmation of the sale.

{¶ 8} The following day, on October 28, 2025, the Treasurer filed a motion seeking to (1) stay the confirmation of the sale; (2) vacate the sale; (3) void the deed, if any; (4) order the clerk of courts to return all funds to the sheriff's office; (5) return

funds to the purchaser; (6) return the order of sale without execution; (7) vacate and set aside the judgment of foreclosure; and (8) dismiss the complaint. The trial court granted the Treasurer's motion on October 30, 2025.

{¶ 9} On October 31 and November 5, 2025, Woods filed motions in which he sought (1) to intervene in the action; (2) leave to file an answer; (3) to vacate the court's October 30, 2025 judgment; and (4) to return the redemption funds to Hilliard. In his motions, Woods represented that he was purchaser of the subject property at the sheriff's sale. On November 17, 2025, the trial court granted Woods's motion in part, allowing him to intervene in the action; the court held Woods's other requests in abeyance to allow the other parties an opportunity to respond.

{¶ 10} On November 19, 2025, Woods filed a motion to stay and a motion for prejudgment interest. The trial court granted Woods's motion to stay, stating that if he appealed, the case would be stayed pending the litigation in this court. On November 20, 2025, Woods's filed a notice of appeal, which was assigned case no. 115855. At Wood's request, this court remanded the matter to the trial court for consideration of Woods's motion for prejudgment interest and Civ.R. 60(B) motion to vacate.

{¶ 11} In December 2025, Gedson filed a motion in the trial court to intervene in the action. In her motion, Gedson stated that "[t]here is a discrepancy in this case because Teresa Fariley is no longer the owner of [the subject property]. Teresa Fariley sold the property to Melvin Hilliard in 2019 who in turn quit claim deeded the property to Theresa Gedson in 2024."

{¶ 12} On December 29, 2025, the trial court issued a judgment that reads in relevant part as follows:

> On 9-03-25, the sheriff's sale of the subject property was confirmed. Prior to the confirmation of sale, a motion to stay confirmation of sale was filed (styled "motion to stop sale") by Thresa Gedson, who the court believed was the named defendant Teresa Farley [sic]. In reality, Ms. Gedson was the transferee of Ms. Farley [sic]. The court was not aware of this motion when the sale was confirmed.
>
> If the court had been aware of the motion to stay confirmation, the court would not have confirmed the sale (and would have permitted the transferee of the property to intervene to make the motion) and, thus, confirmed the sale by mistake. This mistake distinguishes this case from the cases cited by the sheriff's sale purchaser about sua sponte vacation of orders. The court vacated the mistaken confirmation.
>
> After the confirmation was vacated, the court entered a stay of confirmation and set a deadline for the redemption of the property. The property was not redeemed by the deadline. The court entered an order stating this fact and indicated the sale would be confirmed by separate order. Before the reconfirmation of the sale, however, plaintiff filed a motion to vacate sale and to dismiss the case because it had been paid in full. Upon payment, plaintiff lost the right to execute on the property. The court had no choice but to vacate the sale and dismiss the case once plaintiff was paid and immediately did so.
>
> Moreover, as plaintiff points out in its brief, the acts of the court are not subject to a motion for relief from judgment but, rather, are the proper subject of an appeal on the merits. *See Fig as Custodian v. Lynch . . .* 2024-Ohio-3196 [(8th Dist.)]. The purchaser's motion to vacate is denied.
>
> The purchaser asks the court to award "pre-judgment interest." From his briefs, it is clear that the purchaser wants interest on the funds he has deposited under R[.]C[.] 2329.33. Since this is a tax foreclosure, redemption is governed by R[.]C[.] 5721.25, not R[.]C[.] 2329.33. R[.]C[.] 5721.25 does not require payment of interest to the purchaser (interest mentioned in that statute refers to the interest due the Treasurer). The purchaser's motion for prejudgment interest is denied.

{¶ 13} Woods filed another notice of appeal, which was assigned case no. 116000. The two cases have been consolidated for disposition. Woods now presents the following assignments of error for our review:

I. The trial Court's sua sponte and unreasonable vacation of the confirmation of sale; allowance of redemption after the confirmation; then failure to compel the transfer of the deed to Appellant was erroneous, prejudicial and an abuse of discretion.

II. The trial Court's Order on 09/26/2025 and granting of the motion to stop sell [sic], and subsequent failure to strike it, were prejudicial to Appellant and constituted error and an abuse of discretion.

III. The trial Court's Orders on 09/26/2025 and 10/27/2025 as it pertained to the re-confirmation of the sale and granting of the motion for extention (sic) of time, and subsequent failure to strike said motion, were prejudicial to Appellant and constituted error and an abuse of discretion.

IV. The trial Court's related Orders, where it vacated the sale and stayed confirmation of the sale on 10/30/2025, 12/05/2025 and 12/29/2025 were prejudicial, void or voidable, and constituted error and an abuse of discretion, which entitled Appellant to relief, whether by 60(B) or direct appeal. Further, the Court abused its discretion by failing to hold a hearing pursuant to 60(B).

V. The Court's denial of interest to Appellant constituted error and an abuse of discretion.

VI. The cumulative effect was unfair and prejudicial to Appellant and he was denied his due process rights.

**Law and Analysis**

**Woods Has Standing to Appeal**

{¶ 14} The Treasurer has raised Woods's standing in this action, contending that he lacked standing to challenge the vacation of the confirmation of sale, as well as his later attempts to have the sale confirmed.

{¶ 15} "Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998). "To decide if an action has been brought by the real party in interest, 'courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief.'" *Wheeler v. Johnson*, 2008-Ohio-2599, ¶ 34 (2d Dist.), quoting *Shealy v. Campbell*, 20 Ohio St.3d 23, 25 (1985).

{¶ 16} According to the Treasurer, Woods does not have standing to appeal because the purchaser was the 4852 Trust and not Woods. We disagree. We first note that Woods was the "Individual Purchaser" of the subject property and, as the purchaser, he requested that the property be titled to the trust. Further, there is no indication in the record that title to the property ever vested with the trust. Accordingly, Woods has standing as the purchaser of the property. Moreover, as will be discussed below, Woods's status as an intervening party granted him standing to bring this appeal.

{¶ 17} In *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53 (1990), the Supreme Court of Ohio considered "whether purchasers at a foreclosure sale have a vested interest in property prior to confirmation of the sale by the trial court, so as to establish standing in order to appeal a denial of confirmation." *Id.* at 54. The Court held they did not. *Id.* at 55.

{¶ 18} In *Ambrose*, a bank filed a foreclosure action against former spouses. The homeowner ex-husband failed to answer, the trial court entered a default

judgment against him and ordered that unless the money owed to the bank was paid within three days, the equity of redemption would be foreclosed and the property would be sold at a sheriff's sale.

{¶ 19} The property was not redeemed within the required time, an order of sale was issued, and the property was sold to two purchasers. The day following the sale, the homeowner ex-wife filed a motion to deny the confirmation of the sale and to permit her to redeem the property under statutory authority. The bank filed a motion to confirm the sale. Subsequently, the trial court set aside the sale of the property to the purchasers, finding that the property had been redeemed and all liens had been satisfied. The trial court denied the bank's motion to confirm the sale, vacated the sheriff's sale, and ordered that the purchasers' deposit be returned to them with interest.

{¶ 20} On appeal to the Eleventh District Court of Appeals, the appellate court held that the purchasers were neither parties to the action, nor had they filed a motion to intervene in the trial court. The court of appeals held that the purchasers had no interest in the property prior to confirmation of the sale and their failure to intervene as parties divested them of their appellate rights; thus, the appellate court dismissed the purchasers' appeal.

{¶ 21} The purchasers appealed to the Supreme Court of Ohio, and contended that, as purchasers at a judicial sale, they had the right to judicial review from the trial court's denial of their motion to confirm the sale. Relying on its decision in *Reed v. Radigan*, 42 Ohio St. 292 (1884), the Court held that "it becomes

apparent that purchasers have no rights until the sale is confirmed." *Ambrose*, 56 Ohio St.3d at 55.

{¶ 22} In a later Ohio Supreme Court decision, *State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565 (1996), the Court held that a purchaser of property at a sheriff's sale does not have a statutory right to a hearing after the sheriff's sale or to otherwise participate in proceedings to confirm or vacate a sheriff's sale. In *Pontious*, an entity was the successful bidder for property at a sheriff's sale. After the sale, but prior to confirmation, the treasurer filed a motion to set the sale aside on the grounds that the appraisals of the property had been based on erroneous information, the information was announced at the sheriff's sale, and the announcement tainted the bidding process. The trial court granted the treasurer's motion and set the sale aside. The following day, the purchaser filed a motion to intervene and a proposed complaint requesting confirmation of the sale. The trial court denied the purchaser's motion to intervene on the ground that the purchaser had not timely responded to the treasurer's motion to set aside the sale.

{¶ 23} The purchaser sought a writ of mandamus to compel the trial court to vacate the order setting aside the sale and hold a hearing on the treasurer's motion. The Twelfth District Court of Appeals dismissed the case, finding that the purchaser had no right to a hearing under R.C. 2329.31 and *Ambrose*.

{¶ 24} The Supreme Court of Ohio affirmed the appellate court, finding that (1) R.C. 2329.31 does not dictate that a hearing be held after a sheriff's sale; (2) the purchaser received sufficient due process of the proceedings via the treasurer's

motion to set the sheriff's sale aside, regardless of whether the purchaser was entitled to due process;[1] (3) "far from an absolute right to participate in proceedings to vacate a sheriff's sale, *Ambrose* recognized only that, absent confirmation, a purchaser had no actionable interest by virtue of the successful bid alone"; (4) "*Ambrose* is consistent with a finding that the purchaser's ability to participate in confirmation proceedings as a party, for any purpose, depends on the purchaser's intervention"; and (5) the trial court permissibly relied on an agreed entry submitted by some of the parties identifying irregularities in the sheriff's sale. *Pontious* at 568.

{¶ 25} Woods contends that *Ambrose* and *Pontious* do not control here because they dealt with instances where the purchaser asserted rights prior to confirmation of the sheriff's sale and because the parties in those cases had either not sought to intervene or were not allowed to intervene. We agree with Woods that he has standing to appeal.

{¶ 26} The record demonstrates that the subject property was sold to Woods on August 6, 2025. On August 27, 2025, Gedson filed a "motion to stop the sale." The confirmation of sale was filed on September 3, 2025. However, On September 26, 2025, the trial court filed an entry stating the confirmation of sale was entered in error and therefore was vacated. Woods filed two motions to intervene, one on October 31, 2025, and another on November 5, 2025, and the trial court allowed him

---

[1] The Court did not decide the issue of whether a purchaser of property at a sheriff's sale has a due-process right to a hearing prior to confirmation or vacation of a sheriff's sale and noted that although the purchaser seemed to assert that it did, the purchaser failed to provide any authority or analysis to support its claim. *See Pontious*, 75 Ohio St.3d at 567.

to intervene on November 17, 2025.  Although the sale was never reconfirmed because the property owner (Gedson) eventually exercised her redemption rights and the Treasurer sought and was granted permission to dismiss the case, Woods's intervention granted him status to appeal to this court.  *See Lopez v. Veitran*, 2012-Ohio-1216, ¶ 10 (1st Dist.) ("To have standing to appeal, a person must either have been a party to the case or have attempted to intervene as a party."); *see also In re Guardianship of Sweeney*, 2016-Ohio-3260, ¶ 19 (8th Dist.).

{¶ 27}  Further, because the record indicates that Woods was the "Individual Purchaser" of the property and because he intervened in the action, he generally has standing to bring this appeal.  We now consider the merits of his appeal.  Woods's assignments of error are interrelated, often raise the same issues, and, therefore, will be considered together.

**The Trial Court Did Not Err by Sua Sponte Vacating and Staying the Confirmation of Sale**

{¶ 28}  Woods contends that the trial court erred by sua sponte vacating the September 3, 2025 confirmation of sale and the trial court's subsequent actions in this case were either error or an abuse of discretion.

{¶ 29}  Foreclosure actions proceed in two stages, both of which end in a final, appealable judgment:  the order of foreclosure and the confirmation of sale.  *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39.  Generally, "[a] trial court has no authority to sua sponte vacate its own final orders" because "Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment."  (Citations

omitted.) *BAC Home Loans Servicing, LP v. Henderson*, 2013-Ohio-275, ¶ 10 (8th Dist.). However, given the particular facts of a case, there has been leniency with the "generally hard-and-fast rule" in "foreclosure proceedings." *Bank v. Colley*, 2016-Ohio-3139, ¶ 10 (10th Dist.).

{¶ 30} In *Horvath v. Packo*, 2013-Ohio-56 (6th Dist.), the court of appeals held that it is "incorrect" "that where a judicial sale has been confirmed, and the sale has been completed, resulting in transfer of title to the purchaser, those assets are unassailable by any subsequent attack." *Id.* at ¶ 52. The court explained that "[w]hile it is true that the purchaser of assets at a duly confirmed judicial sale is protected if the underlying judgment of foreclosure is reversed or vacated, that protection does not apply where the order confirming the judicial sale is reversed or vacated." *Id.*, citing 64 *Ohio Jurisprudence*, Judicial Sales, § 112 (3d Ed. 2012).

{¶ 31} Woods contends that *Horvath* involved a "convoluted" matter and was "adjudicated according to law." (Appellant's reply brief, p.4.) The alleged convoluted nature of *Horvath* aside, the black-letter law stands: a purchaser of assets at a duly confirmed judicial sale is not protected when the order confirming the sale is reversed or vacated. That is exactly what occurred in this case.

{¶ 32} Further, this court has held that a trial court may vacate a confirmation of sale "after the deed is ordered, and subsequent to the delivery and record thereof at the same term of court, even though the statutory provision therefore is not strictly followed by the party seeking relief." *Burstein v. Uzinsky*, 2 Ohio L. Abs. 188, *1 (8th Dist. 1923). In *Burstein*, the trial court, "after ordering

the marshaling of liens, confirming the sale, and ordering the deed, and after the deed had been delivered and recorded but at the same term of court, vacated the entry of confirmation and order of conveyance, upon a showing made by the owner of the property, who was attempting to take advantage of his equity of exemption." *Id.* Again, that is what occurred in this case. And in another similarity to this case, in *Burstein*, "[a]t the time court vacated the entry, a motion to vacate had been filed, but the court entered the order without knowledge of the motion." *Id.* Here, at the time the trial court vacated the September 3, 2025 confirmation of sale, the property owner, Gedson, had filed a motion to stay the confirmation, but the trial court was unaware of the filing.

{¶ 33} In affirming the trial court's vacation of the confirmation of sale, the *Burstein* Court reasoned as follows:

> It is a well established proposition of law that a court has complete, unqualified and unconditional control of its own records during the term at which the entries are made. This power is so obviously necessary for the elimination of any injustice, that it is not even disturbed by the intervening rights of third parties accruing subsequently to making of the entry. Mistake or irregularity in procedure would not have any effect whatsoever upon the fundamental and organic right inherent in the court and supported by the universal authority to have the complete control during the term over its dockets.

(Citations omitted.) *Id.* at *1-*2.

{¶ 34} Further, Civ.R. 60(A) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative . . . ." *See, e.g., Johnson v. Sailor*, 2025-Ohio-212 (7th Dist.), *appeal not accepted,* 2025-

Ohio-1846 (The trial court acted properly when it sua sponte reversed its judgment entry vacating default judgment because it corrected its own clerical mistake in granting appellant's motion for default judgment; the court did not change its mind but rather corrected the court's oversight in hindsight after realizing a motion to vacate had been pending.).

{¶ 35} On the record before us, the trial court did not err by vacating the confirmation of sale, which it mistakenly entered, not realizing that Gedson had filed a motion to stay confirmation of the sale.

**The Trial Court Did Not Err by Failing to Transfer Title to Woods**

{¶ 36} Woods further contends that the trial court erred by failing to grant his motion made under R.C. 2329.31 to proceed with transfer of title to the property. However, once the trial court vacated the sale — which we uphold — it was as if the confirmation never occurred. Therefore, Woods had no interest in the property. *See Horvath*, 2013-Ohio-56, at ¶ 52 (6th Dist.) ("[W]here the confirmation of sale is reversed or vacated, it is as if no title has transferred to the purchaser."). Further, under R.C. 2329.31, "Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines is appropriate." Gedson eventually redeemed the property, thereby also foreclosing the trial court from transferring title to the property to Woods.

**Woods's Due-Process Rights Were Not Violated**

{¶ 37} Regarding Woods's contention that he should have had an opportunity to be heard during the confirmation process, to the extent that his argument concerns the trial court's vacation of the confirmation of sale in September 2025, he was not a party at that time and, therefore, did not have due-process rights. *See Pontious*, 75 Ohio St.3d at 568 (A "purchaser's ability to participate in confirmation proceedings as a party, for any purpose, depends on the purchaser's intervention."). After the trial court allowed Woods to intervene in November 2025, he was heard on the numerous issues he brought before the trial court. Woods was afforded due process.

**Gedson's Motions for Extensions of Time Were Properly Before the Trial Court, and the Court Did Not Abuse its Discretion by Granting them**

{¶ 38} Woods's challenges to the trial court's judgments granting Gedson extensions of time to redeem her property are also unavailing. We review a trial court's ruling on a motion for an extension of time for an abuse of discretion. *Provident Bank v. Hartman*, 2001 Ohio App. LEXIS 2329, *6-*7 (8th Dist. May 24, 2001). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. Gedson's requests for extensions of time were based on her getting the necessary funds to exercise her right to redemption, which she ultimately did. Her requests were not for an untoward purpose, and the trial court did not abuse its discretion by granting them.

{¶ 39} We are also not persuaded, as advanced by Woods, that the misspelling of "Theresa" as "Thresa" in one of Gedson's motions invalidated the motion and the trial court's judgments allowing her extensions of time. As the Treasurer counters, iden sonans "is an old doctrine which states that if a name can be spelled more than one way yet sound identical, a misspelling of that name on a legal document will not invalidate the document." *Reed v. Hardman*, 2005-Ohio-4394, ¶ 28 (8th Dist.). Under the doctrine, the misspelling of Gedson's first name did not invalidate her motions or the trial court's rulings on them.

{¶ 40} Woods also contends that Gedson failed to include a certificate of service with her October 24, 2025 motion for extension of time, to his prejudice. Upon review, Gedson's certificate of service was not complete. Gedson filed her motion pro se, using a preprinted form. The form contained a certificate service, with a signature block. Although Gedson signed and dated the signature block for the certificate of service, she failed to list all the parties or their attorneys to whom she sent the motion. The Treasurer concedes that the certificate of service was not in proper form but contends that Woods was not prejudiced by it; we agree.

{¶ 41} At the time Gedson filed the October 24, 2025 motion, Woods was not a party to the action — he filed motions to intervene on October 31, 2025, and November 5, 2025, and was granted permission to intervene on November 17, 2025. As such, Woods does not have standing to challenge the form of Gedson's certificate of service. *See Lopez v. Veitran*, 2012-Ohio-1216, ¶ 10 (1st Dist.) ("To have standing

to appeal, a person must either have been a party to the case or have attempted to intervene as a party.").

{¶ 42} Also relative to Gedson's motion for extension of time, Woods contends that the motion failed to state grounds for relief from judgment pursuant to Civ.R. 60(B) and that the motion violated R.C. 5721.38. Regarding Civ.R. 60(B), which affords a party relief from a judgment or order, Gedson was not seeking relief from any order or orders — the trial had already sua sponte vacated the confirmation of sale. Rather, Gedson was requesting more time for her to exercise her redemption rights. Civ.R. 60(B) was not implicated. Gedson's motion likewise did not implicate R.C. 5721.38, which governs foreclosures by tax lien holders, not a treasurer, as is the case here.

{¶ 43} Woods further contends that Gedson's motions for extensions of time were barred under the doctrine of res judicata.[2] He cites *Bank of N.Y. Mellon v. Ackerman*, 2016-Ohio-960 (2d Dist.), *appeal not allowed*, 2016-Ohio-4606, in support of his contention. *Ackerman* is distinguishable from this case. In *Ackerman*, a bank was granted a decree of foreclosure on the homeowners' home. The homeowners appealed; the appellate court upheld the trial court's judgment. *Bank of N.Y. Mellon v. Ackerman*, 2012-Ohio-956 (2d Dist.). After the first appeal, the homeowners filed a Civ.R. 60(B) motion for relief from judgment, which was denied. The homeowners appealed again, and the appellate court found, among

---

[2] "Res judicata bars a party from relitigating a claim or issue that has already been decided on the merits by a court of competent jurisdiction in a valid, final judgment in a prior proceeding." *Fast Tract Title Servs. v. Barry*, 2024-Ohio-5216, ¶ 21 (8th Dist.).

other things, that the homeowners' claims were barred under the doctrine of res judicata. In this case, there was no prior litigation barring Gedson from asserting her right to redemption. Res judicata is wholly inapplicable to this matter.

{¶ 44} We are also not persuaded by Woods's contention that Gedson's October 24, 2025 motion for extension of time was untimely. Woods relies on *Nationstar Mtge. v. Scarville*, 2024-Ohio-1580 (8th Dist.), in support of his contention. *Scarville* dealt with a motion to intervene, not a motion for an extension of time; it therefore has no bearing on Woods's contention that the trial court abused its discretion by granting Gedson's motion for an extension of time.

{¶ 45} Woods further contends that the trial court's allowance of Gedson's extensions violated lis pendens. We disagree.

{¶ 46} Lis pendens a common-law legal doctrine that "means that the filing of a lawsuit concerning specific property gives notice to others of the claim alleged in the lawsuit and that a purchaser of the property may take the property subject to the outcome of the lawsuit." *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 2002-Ohio-7078, ¶ 30 (1st Dist.).

{¶ 47} R.C. 2703.26, codifying the doctrine of lis pendens, provides that

[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

{¶ 48} Thus, under the doctrine, third parties have constructive notice of the pendency of a suit affecting title from the time of filing. *CitiMortgage, Inc. v.*

*Brown*, 2017-Ohio-1551, ¶ 9 (8th Dist.). "The effect of lis pendens is that if a third party acquires an interest in the property while a lawsuit is pending, the third party takes the property subject to the final outcome of the suit." *Id.* Therefore, "if the trial court awards the plaintiff rights in the property, the plaintiff takes free of any interest acquired by third parties during the lawsuit." *Id.*

{¶ 49} Moreover, "[n]othing in the doctrine forbids or discourages a purchaser of property that is subject to litigation from intervening in that litigation to protect their interest in the property." *Nationstar Mtge., LLC v. Kereszturi*, 2013-Ohio-5849, ¶ 8 (11th Dist.). Further, R.C. 5721.25 allows for redemption by lis pendens owners.

{¶ 50} According to Woods, the doctrine of lis pendens was violated because Gedson had to request a second extension of time, which barred her from exercising her right to redemption. Woods cites to R.C. 5721.25 in support of his contention. The relevant portion of the statute provides as follows:

> [A]fter a foreclosure proceeding has been instituted, but before the filing of an entry of confirmation of sale pursuant to the proceeding or before the expiration of the alternative redemption period as may apply under section 323.78 of the Revised Code, any person entitled to redeem the land who has not previously defaulted on a delinquent tax contract under section 323.31 of the Revised Code with respect to that delinquent land may enter into a delinquent tax contract with the county treasurer for the payment of the taxes, assessments, penalties, interest, and charges found to be due and unpaid on such land, together with the costs incurred in the proceeding as determined by the court or board of revision . . . .

R.C. 5721.25.

{¶ 51} The language of the statute does not prevent a party that has defaulted on a delinquent tax contract from redeeming. Rather, the statute prevents the treasurer from denying a delinquent tax contract to a person who has not previously defaulted on one.

{¶ 52} In light of the above, Gedson's motions for extensions of time so that she could exercise her redemption right and the trial court's granting of her motions did not violate the doctrine of lis pendens. The motions were properly before the court, they were not barred by res judicata, and the trial court did not abuse its discretion by granting the extensions.

**The Trial Court Properly Denied Woods's Civ.R. 60(B) Motion**

{¶ 53} We also uphold the trial court's decision to deny Woods's motion for relief from judgment on the ground that the basis of Woods's motion was conducive to an appeal, not a motion for relief from judgment. It is well established that although Civ.R. 60(B) provides relief from judgment to correct certain mistakes it cannot be used as a substitute for an appeal. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus; *Guadalupe v. Minadeo*, 2012-Ohio-5071, ¶ 8 (8th Dist.); *Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 228 (8th Dist. 1997).

{¶ 54} "The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings." *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 155 (1988). That means that Civ.R. 60(B) may not be used to attack legal errors made by a trial court.

Rather, "'Civ.R. 60(B) permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment.'" *Tokar v. Tokar*, 2010-Ohio-524, ¶ 9 (8th Dist.), quoting *Brackins v. Brackins*, 1999 Ohio App. LEXIS 6061 (8th Dist. Dec. 16, 1999).

{¶ 55} Here, Woods was attempting to use Civ.R. 60(B) to correct alleged legal errors, an improper use of the rule. As such, the trial court properly denied Woods's Civ.R. 60(B) motion.

**The Trial Court Properly Denied Prejudgment Interest to Woods**

{¶ 56} We next address the trial court's denial of Woods's motion for prejudgment interest. In the trial court, Woods based his claim for prejudgment interest on R.C. 2329.33; here on appeal, Woods bases his claim for prejudgment interest on R.C. 1343.03.

{¶ 57} Regarding Woods's argument for prejudgment interest under R.C. 1343.03, it is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. *Crenshaw v. Cleveland Law Dept.*, 2020-Ohio-921, ¶ 42, fn. 6 (8th Dist.), citing *Shadd v. Cleveland Civ. Serv. Comm.*, 2019-Ohio-1996, ¶ 27 (8th Dist.) ("Appellants cannot raise an issue for the first time on appeal that they did not raise to the trial court."); *Scott Fetzer Co. v. Miley*, 2019-Ohio-4578, ¶ 41 (8th Dist. ) ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes."). Because Woods did not raise the issue of

prejudgment interest based on R.C. 1343.03 below, it is not properly before this court now.

{¶ 58} Regarding Woods's request for prejudgment interest under R.C. 2329.33, which is titled "[r]edemption by judgment debtor," "interest," as used in that section, refers to interest as a consideration of the calculation of the redemption amount and not interest owed to a sheriff sale purchaser. Redemption in a tax foreclosure case is governed by R.C. 5721.25, which is titled "[r]edemption of delinquent land" and governs instances where "the taxes, assessments, penalties, interest, or charges [upon land] have become delinquent . . . ." Moreover, the payable interest in the statute is to the treasurer, not the purchaser.

{¶ 59} Additionally, after Gedson redeemed the property the Treasurer sought, and was granted, permission to return to Woods the funds he paid for the purchase of the property. The sheriff immediately notified Woods and issued him a check for the full amount on deposit; Woods retrieved the check but did not cash it.

{¶ 60} It is established law that "a judgment debtor owes interest from the date the judgment is rendered until paid, unless that judgment debtor makes an unconditional tender to pay the amount in full consisting of actual production of the sum then due." *Braun v. Pikus*, 108 Ohio App.3d 29, 32 (8th Dist. 1995). Thus, "a judgment debtor may stop the accumulation of post-judgment interest by tendering full and unconditional payment of the judgment to the judgment creditor." *Blake v. Fligiel*, 2002-Ohio-6057, ¶ 11 (8th Dist.), citing *Viock v. Stowe-Woodward Co.*, 59 Ohio App.3d 3 (6th Dist. 1989). Further, interest did not accrue

because of Woods's refusal to cash the check issued to him by the sheriff.  *See, e.g., Fowler v. Wilford*, 1987 Ohio App. LEXIS 6662, *6-*7 (6th Dist. May 8, 1987) ("Where the delay is caused by the plaintiff, due to his dissatisfaction with a judgment, this court is of the opinion that such a delay should not be awarded interest.").

**The Cumulative-Error Doctrine is Inapplicable**

{¶ 61}  Finally, Woods contends that we should apply the cumulative-error doctrine to this case.

{¶ 62}  Under the cumulative-error doctrine, a trial court's judgment may be reversed if the cumulative effect of multiple errors prevents a fair trial even though each of the individual errors, standing alone, would not constitute grounds for reversal.  *State v. Garner*, 74 Ohio St.3d 49, 64 (1995); *see also Snell v. Snell*, 2014-Ohio-3285, ¶ 64 (5th Dist.), quoting *Edge v. Fairview Hosp.*, 2011-Ohio-2148, ¶ 46 (8th Dist.) ("Ohio courts have found 'the extension of the cumulative error doctrine to civil cases is warranted where the court is confronted with several errors, which either are harmless individually or have marginally prejudicial effects, but combine to require a new trial.'").  The cumulative-error doctrine does not apply in cases where there are not multiple errors.  *180 Degree Solutions L.L.C. v. Metron Nutraceuticals, L.L.C.*, 2021-Ohio-2769, ¶ 92 (8th Dist.), citing *O'Malley v. O'Malley*, 2013-Ohio-5238, ¶ 95 (8th Dist.).

{¶ 63}  Here, we have found no errors were committed by the trial court.  The cumulative-error doctrine is wholly inapplicable.

{¶ 64} Having found no merit to the issues Woods raised in his six assignments of error, the six assignments of error are overruled.

{¶ 65} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR